UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT WESLEY JOHNSON,<br><br>Defendant. | Case No.: SACR 16-00029-CJC-5<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNTS 3, 5, 7, 9, AND 11 OF THE SECOND SUPERSEDING INDICTMENT** |

**I. INTRODUCTION & BACKGROUND**

Defendant Robert Wesley Johnson, a.k.a. "Bogart," "Tiny Bogart," and "Tiny Bogie," moves to dismiss Counts 3, 5, 7, 9, and 11 of the Second Superseding

Indictment[1] ("SSI") on the theory that a Hobbs Act robbery, 18 U.S.C. § 1951(a), is not a crime of violence for the purposes of a sentencing enhancement under 18 U.S.C. § 924(c).  (Dkt. 214 [Motion, hereinafter "Mot."].)  Defendant has been charged with one count of conspiracy to interfere with commerce by robbery (Hobbs Act robbery), 18 U.S.C. § 1951(a) (Count 1), six counts of interference with commerce by robbery (Hobbs Act robbery), 18 U.S.C. § 1951(a) (Counts 2, 4, 6, 8, 10, and 13), one count of discharging a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii) (Count 3), and four counts of brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii) (Counts 5, 7, 9, and 11).  (*See* Dkt. 248 [hereinafter "SSI"].)  These charges are brought in connection with his alleged involvement in organizing and facilitating a series of armed and unarmed robberies of jewelry and watch stores in Los Angeles, Orange, and Ventura Counties between August 2015 and April 2016.  (*See id.*)  For the following reasons, the motion is DENIED.

## II.  LEGAL STANDARD

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  Under Rule 12(b)(3)(B)(v), a court is authorized to dismiss an indictment if its allegations do not suffice to charge an offense.  "[T]he court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged."  *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

---

[1] Defendant's motion to dismiss, filed on October 11, 2016, concerns the First Superseding Indictment ("FSI"), which was filed on June 8, 2016.  (Dkt. 33.)  The FSI was the operative indictment at the time the motion was filed.  (*See* Mot.)  The Second Superseding Indictment was filed on November 16, 2016, (*see* SSI), and Defendant was arraigned on December 5, 2016, (Dkt. 309).  Like the FSI, the SSI charges Defendant with violations of 18 U.S.C. §924(c) in Counts 3, 5, 7, 9, and 11, based on the same underlying Hobbs Act robbery predicates.  (*See* FSI; SSI.)  The parties jointly requested that the Court rule on Defendant's motion as applied to the SSI.  (Dkt. 311.)  The Court finds it appropriate to do so here, and thus references the SSI throughout this Order.

## III. DISCUSSION

Section 924(c)(1)(A) provides a sentencing enhancement for "any person who, during and in relation to any *crime of violence* . . . possesses a firearm," with elevated enhancements if the firearm is brandished or discharged. 18 U.S.C. § 924(c)(1)(A)(ii)–(iii) (emphasis added). Defendant argues that Counts 3, 5, 7, 9, and 11, brought pursuant to Section 924(c)(1)(A)(ii)–(iii), cannot state an offense because the underlying Hobbs Act robbery in each count is not categorically a crime of violence. (*See generally* Mot.)

As an initial matter, the Ninth Circuit and this Court have already analyzed this issue and concluded that a Hobbs Act robbery is categorically a crime of violence. *See, e.g.*, *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016), *as amended* (June 24, 2016) ("Because bank robbery by 'intimidation'—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence."); *United States v. Mendez*, 992 F.2d 1488, 1492 (9th Cir. 1993) ("[C]onspiracy to interfere with interstate commerce by robbery in violation of § 1951 categorically creates a substantial risk that physical force may be used."); *United States v. Elima*, No. SACR 16-00037-CJC, 2016 WL 3556603, at *2 (C.D. Cal. June 6, 2016) ("This Court adopts the *Howard* court's analysis in full and determines that a Hobbs Act robbery qualifies as a 'crime of violence' under § 924(c)."); *U.S.A. v. Bailey*, No. CR14-328-CAS, 2016 WL 3381218, at *4 (C.D. Cal. June 8, 2016), *reconsideration denied sub nom. U.S.A. v. Dorsey*, No. 2:14-CR-00328(B)-CAS, 2016 WL 3607155 (C.D. Cal. June 30, 2016) ("[T]he Court joins a growing list of district courts to have found . . . that under the categorical approach, Hobbs Act robbery constitutes a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)."). Other Circuit courts agree with this assessment. *See In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016) (holding that Hobbs Act robbery "clearly qualifies as a 'crime of violence' under" the elements clause in Section 924(c)(3)(A)); *United States v. House*, No. 14-3011, 2016 WL

3144735 (8th Cir. June 6, 2016) (same); *United States v. Hill*, 832 F.3d 135, 142–44 (2d Cir. 2016) (same).

Nevertheless, Defendant argues that a Hobbs Act robbery is not categorically a crime of violence because it can be achieved through *de minimis* use of force. (*See generally* Mot.) Section 924(c) defines a "crime of violence" as any felony that:

> (A) has as an element the *use, attempted use, or threatened use of physical force* against the person or property of another, or
>
> (B) that *by its nature*, involves a *substantial risk that physical force* against the person or property of another *may be used* in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added). A Hobbs Act robbery, in turn, is defined as follows:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.
>
> (b) As used in this section—
>
> > (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury*, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18. U.S.C. § 1951 (emphasis added).

To determine whether an offense is a crime of violence under Section 924(c), the Ninth Circuit employs the "categorical approach" outlined by the Supreme Court. *United States v. Amparo*, 68 F.3d 1222, 1225–26 (9th Cir. 1995). This requires courts to "compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *United States v. Caceres-Olla*, 738 F.3d 1051, 1054 (9th Cir. 2013) (quotation omitted). "If the statute of conviction 'sweeps more broadly than the generic crime, a conviction under that law cannot count as [a qualifying] predicate, even if the defendant actually committed the offense in its generic form.'" *Id.* (quoting *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)). This method does not look into the facts of the particular case. *United States v. Mendez*, 992 F.2d 1488, 1490 (9th Cir. 1993).

The question before the Court is whether a Hobbs Act robbery, which entails "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury," 18. U.S.C. § 1951(b)(1), is categorically a crime of violence. This depends on whether the use of "force" sufficient for a Hobbs Act robbery is coextensive with Section 924(c)'s conception of "force" in describing a crime of violence. In *Johnson v. United States*, 559 U.S. 133 (2010), the Supreme Court defined "physical force" as used in the Armed Career Criminal Act ("ACCA") as "violent force—that is, force capable of causing physical pain or injury to another person." (Mot. at 4 (quoting *Johnson*, 559 U.S. at 140).) Defendant contends that this definition should apply here. (*Id.*) Although the Ninth Circuit has not directly addressed whether this definition applies, in *United States v. Bell*, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016), a Northern District of California court concluded that "physical force" under the Section 924(c) "carries the same meaning as under the ACCA force clause" at issue in *Johnson. Id.* at *2. *Bell* concluded that it was reasonable to extend the *Johnson* definition to Section 924(c) because the Ninth Circuit has extended it to other generic offense provisions, including 18 U.S.C. § 16(a)

and U.S.S.G. § 2L1.2, which define a crime of violence using identical or essentially identical language to that in Section 924(c). *See id.* For the purposes of this motion, the Court assumes without deciding that the *Johnson* definition of "force" applies here.

Defendant insists that a Hobbs Act robbery cannot categorically qualify as a crime of violence because it can purportedly be accomplished through *de minimis* use of force, which falls outside the generic *Johnson* definition of "force." (*See generally* Mot.) He relies on a footnote in *Howard*, a Ninth Circuit case which held that a Hobbs Act robbery *was* a crime of violence, for his argument. (Mot. at 5 (citing *Howard*, 650 F. App'x at 468 n.1).) That footnote cited a few cases in which the Ninth Circuit "held that crimes that require only a *de minimis* use of force do not qualify as crimes of violence under U.S.S.G. § 2L1.2," but went on to explain that "Howard does not argue that Hobbs Act robbery may be accomplished through *de minimis* use of force, and we take no position on that issue or the applicability of these precedents to Hobbs Act robbery." *Howard*, 650 F. App'x at 468 n.1. Defendant contends that this footnote leaves open the possibility that a Hobbs Act robbery is not a crime of violence if it can be accomplished through *de minimis* use of force. (*See* Mot. at 5.) In support of his position, Defendant draws an analogy to California's common law robbery statute, codified at California Penal Code § 211, though that statute is not the basis for Defendant's charges. (*Id.*) Defendant contends that a Hobbs Act robbery is "simply common law robbery plus an interstate commerce element." (*Id.*) He lists several cases purporting to show that a Section 211 robbery can be accomplished through *de minimis* use of force. (*Id.* at 6.) He reasons, then, that if a Section 211 robbery is not a crime of violence because it can be achieved through *de minimis* use of force, and a Hobbs Act robbery is comparable to a Section 211 robbery, then a Hobbs Act robbery can also be accomplished through *de minimis* use of force and therefore cannot be a crime of violence. (*Id.*)

//

Defendant's argument is wholly unavailing.  To prevail under the categorical approach, Defendant must present "'a *realistic probability*, not a theoretical possibility,'" that the statute encompasses conduct that falls outside the generic definition of a crime. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).  "To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case.  But he must at least point to his own case or other cases in which the [] courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Gonzales*, 549 U.S. at 193. Defendant has not met his burden because, as the Government points out, he does not provide a single case or example where a Hobbs Act robbery was committed through *de minimis* force—his own charges, which involve the use of *firearms*, cannot credibly serve as such an example.  (Dkt. 233 [Opposition, hereinafter "Opp."] at 3; *see generally* SSI.) Nor is Defendant's comparison between a Hobbs Act robbery and a Section 211 robbery availing, because the Ninth Circuit has already held that a Section 211 robbery *is a crime of violence*. *United States v. Becerril-Lopez*, 541 F.3d 881, 893 (9th Cir. 2008) (Using the categorical approach, "we hold that a conviction under Cal. Penal Code § 211 could only result from conduct that constitutes a 'crime of violence' for purposes of U.S.S.G. § 2L1.2."); *United States v. Manzo-Solano*, 648 F. App'x 696, 697 (9th Cir. 2016) (same).

The Court is also independently unaware of any case where a Hobbs Act robbery was accomplished through *de minimis* use of force.  In *U.S.A. v. Bailey*, the defendant made a similar argument, asserting that a Hobbs Act robbery is not a crime of violence because it can be committed "by merely instilling 'fear of injury' in one's victim—and thus without the actual use of physical force." *Bailey*, 2016 WL 3381218, at *3.  The Court rejected this argument because "'the text, history, and context of the Hobbs Act compel a reading of the phrase 'fear of injury' that is limited to fear of injury *from the use of force*.'" *Id.* at *4 (emphasis in original) (quoting *United States v. Pena*, 2016 WL 690746, at *8 (S.D.N.Y. Feb. 11, 2016)).  This minimum conduct required to accomplish

a Hobbs Act robbery is certainly not *de minimis*, and it is easily distinguishable from that in the three Ninth Circuit cases cited in the *Howard* footnote concerning *de minimis* use of force. *See Howard*, 650 F. App'x at 468 n.1. The first case, *United States v. Dominguez-Maroyoqui*, 748 F.3d 918 (9th Cir. 2014), held that a statute criminalizing "*any force whatsoever* against a federal officer" was not a crime of violence because it "does not require proof, as a necessary element, that the defendant used, attempted to use, or threatened to use physical force as defined in *Johnson*," and encompassed conduct as minimal as "chasing [a] prosecutor down the street and bumping into him," "walking up to [a] prosecutor and jolting her arm and shoulder," "grabbing [a] wildlife agent's jacket," or "spitting in [a] mail carrier's face." *Id.* at 921. The second case, *United States v. Flores-Cordero*, 723 F.3d 1085 (9th Cir. 2013), *as amended on denial of reh'g* (Oct. 4, 2013), held that a conviction for resisting arrest under Arizona law "did not necessarily involve force capable of inflicting pain or causing injury as contemplated by the Supreme Court's definition of violence in *Johnson*" because it encompassed even a "minor scuffle." *Id.* at 1088. Finally, the third case, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016), held that a Massachusetts armed robbery statute criminalizing "any force, however slight . . . so long as the victim is aware of it" did not qualify as a crime of violence, as it could entail even purse snatching. *Id.* at 979.

In contrast with those three cases cited in the *Howard* footnote, "[t]he most innocent conduct chargeable as a Hobbs Act robbery requires the act of taking or obtaining property from another person, or in their presence, against their will by creating a fear of injury." *United States v. Hancock*, 168 F. Supp. 3d 817, 824 (D. Md. 2016); *see also Bailey*, 2016 WL 3381218, at *4 (The creation of fear required to commit a Hobbs Act robbery "includes only fear of injury from the use of force, and not fear instilled by, for example, threatened economic devaluation of stocks or physical defacing of a building."); *United States v. Barrows*, No. 213CR00185MMDVCF, 2016 WL 4010023, at *3 (D. Nev. July 25, 2016) ("[T]he Court finds that Barrows' hypothetical violations of

the Hobbs Act, based on his understanding of the 'fear of injury' requirement, are unpersuasive. Because he has failed to show a realistic probability that Hobbs Act robbery can be accomplished without the threat of force, this argument is unavailing."); *United States v. Merinord*, No. 5:15-CR-136, 2015 WL 6457166, at *4 (E.D.N.C. Oct. 26, 2015) ("The Court can conceive of no scenario in which a person commits robbery by fear of physical injury without threatening physical harm to the person or property of another—even the vaunted example of poison fails. Where the victim necessarily experiences fear of bodily injury or fear of property injury, by definition, he must experience force capable of causing said injury."). Simply put, the minimum conduct required to commit a Hobbs Act robbery does not fall outside of the *Johnson* definition. The Court reaffirms its ruling in *Elima*, 2016 WL 3556603, at *2, and once again concludes that a Hobbs Act robbery is a crime of violence under Section 924(c).

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion is DENIED.

DATED:   December 12, 2016

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE